

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
FORT SNELLING IMMIGRATION COURT

Respondent Name:
    CRUZ BAUTISTA, ELISEO

To:
    Salazar, Cindy
    290 Armistice Blvd
    Pawtucket, RI 02861

A-Number:
███-759

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
11/21/2025

## ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 11/21/2025. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☐ Both parties waived the issuance of a formal oral decision in this proceeding.

**I. Removability**

The immigration court found Respondent ☑ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): Please See NTA-Exhibit#1.

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

**II. Applications for Relief**

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture
    ☑ Asylum was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☑ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☑ Withholding of Removal under the Convention Against Torture was ☐ granted ☑ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

    ☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

Exhibit B

☐ Cancellation of Removal for Lawful Permanent Residents under <u>INA § 240A(a)</u> was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Cancellation of Removal for Nonpermanent Residents under <u>INA § 240A(b)(1)</u> was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Special Rule Cancellation of Removal under <u>INA § 240A(b)(2)</u> was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C. Waiver

☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D. Adjustment of Status

☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E. Other

### III. Voluntary Departure

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by            . The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set
    ☐ the presumptive civil monetary penalty amount of $3,000.00 USD
    ☐ $ USD instead of the presumptive amount.
If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of

nonimmigrant status. *Id.* If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA § 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. See INA § 243(a)(1). Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

## IV. Removal

☑ Respondent was ordered removed to MEXICO.

☐ In the alternative, Respondent was ordered removed to

☐ Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA § 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. See INA § 243(a)(1). Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

## V. Other

☐ Proceedings were  ☐ dismissed  ☐ terminated with prejudice
  ☐ terminated without prejudice  ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☑ Other:

    In summary, all applications denied. The Respondent is ordered removed.

*[signature]*

Immigration Judge: Sardelli, Brian 11/21/2025

| Appeal: | | | | |
|---|---|---|---|---|
| Department of Homeland Security: | ☑ waived | ☐ reserved |
| Respondent: | ☐ waived | ☑ reserved |

Appeal Due: 12/22/2025

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : CRUZ BAUTISTA, ELISEO | A-Number ████-759

Riders:

Date: 11/21/2025 By: Kortgaard, Alicia, Court Staff