UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Eliseo Cruz Bautista,

    Petitioner,

v.

Pamela Bondi, Attorney General;

Kristi Noem, Secretary, U.S. Department of Homeland Security;

Department of Homeland Security;

Todd M. Lyons, Acting Director of Immigration and Customs Enforcement,

David Easterwood , Acting Director, Saint Paul Field Office Immigration and Customs Enforcement;

and,

Kelly Leben, Sheriff of Burleigh County.

    Respondents.

1:25-cv-00280-CRH

**REPLY TO RESPONDENTS' RESPONSE TO PETITION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

    Petitioner will not belabor the points made in his opening memorandum but will use this space to (1) apologize for the possible misstatement as to the filing of an administrative appeal in his initial petition, (2) note that this petition continues to present a live controversy over which the Court may issue meaningful relief, and (3)

request that the Court issue a decision consistent with the one rendered in *Beltran v. Bondi*, ECF 1:25-cv-00258 18 (D.N.D. Dec. 5, 2025).

First, Petitioner, through counsel, would like to apologize for his potentially, and inadvertently, erroneous suggestion that an administrative appeal had been filed in his opening petition. *See* ECF No. 1 ¶ 46. This contention was based on information, since shared with Counsel for Respondents, that was provided to counsel in this case by Petitioner's counsel in his underlying administrative hearings. Petitioner's online portal now confirms that the administrative appeal was filed on November 25, 2025, *see* ECF No. 12-1, though it may not have been registered or docketed as appealed at the time Respondents issued their reply. *See* ECF No. 11 ¶ 10. The pendency of the appeal also appears to have been the basis for the flight risk finding issued by the immigration court. *See* ECF No. 11-3 ("the removal order is a significant factor indicating that Respondent presents a serious flight risk if released on bond at this time.").

Second, the docketing of this appeal is the reason that this petition still presents a live controversy over which the Court may render meaningful relief. Under the applicable regulations,

> After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination

1

8 C.F.R. § 1003.19(e). Given that the administrative court based its flight risk determination on the fact that Petitioner "was ordered removed" but "remain[ed] within his appeal period," ECF No. 11-3, the filing of that appeal, meaning the order is far from final, constitutes a changed circumstance.

At this point, there is no final order of removal because an order "become[s] final upon the earlier of — (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Now that the appeal has been docketed, a final removal order is no longer immediately looming and the pending DACA application, *see* ECF No. 1-3, as well as possible eligibility for Cancellation of Removal under 8 U.S.C. § 1229b(b), further suggest that alternative relief is available. Because these avenues for relief ameliorate the principal basis for the immigration court's ruling, i.e. the procedural posture, there has been a material change in circumstances and there is a basis to revisit bond, should the Court issue a finding as to the immigration court's jurisdiction to hear bond matters as set forth in *Beltran*, ECF 1:25-cv-00258.

Third, Petitioner respectfully requests that the Court issue a decision based upon the same reasoning set forth in *Beltran*, ECF 1:25-cv-00258. Respondents eloquently raise several points worth addressing, which Petitioner will do briefly, but the decision in *Beltran* dealt with the same core legal issue presented here on

2

materially indistinguishable facts. The only difference in this case relates to the flight risk analysis, which the immigration judge will address in analyzing eligibility for bond. However, that issue is not germane to the dispute before this Court, as the matter before this Court is limited to whether 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a) governs Petitioner's detention. As the Court found in *Beltran,* "the discretionary detention framework of 8 U.S.C. § 1226(a) applies to [Petitioner] rather than the mandatory framework of 8 U.S.C. § 1225(b)." ECF 1:25-cv-00258, at 14.

As for the merits of the arguments raised, they are the same ones previously rejected by this Court in *Beltran*, ECF 1:25-cv-00258. Respondents argue that "being an 'applicant for admission' is a means of 'seeking admission' [so] no additional affirmative step is necessary." ECF No. 9, at 16. This argument contravenes the definition of "admission" set forth by Congress at 8 U.S.C. § 1101 (a)(13)(A), the meaning afforded to that term by a consensus of reviewing circuits, *see Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1051 (9th Cir. 2014) ("The definition refers expressly to entry into the United States, denoting by its plain terms passage into the country from abroad at a port of entry."); *Medina-Rosales v. Holder*, 778 F.3d 1140 (10th Cir. 2015); *Husic v. Holder*, 776 F.3d 59 (2d Cir. 2015); *Stanovsek v. Holder*, 768 F.3d 515 (6th Cir. 2014); *Papazoglou v. Holder*, 725 F.3d 790 (7th Cir. 2013); *Leiba v. Holder*, 699 F.3d 346 (4th Cir. 2012); *Hanif v. Att'y Gen. of*

3

*U.S.*, 694 F.3d 479 (3d Cir. 2012); *Lanier v. U.S. Att'y Gen.*, 631 F.3d 1363 (11th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008), and it runs smack into the cannon against surplusage. As the Court previously held "the terms 'applicant for admission' and 'seeking admission' [are] in the same statutory scheme, [and] they are within seven words of each other in the same sentence," so "'[a]n alien seeking admission' thus must mean something different than 'applicant for admission.'" *Beltran,*1:25-cv-00258, at 10-11.

Respondents next suggest that their reading does not "render superfluous Congress's recent amendment of Section 1226(c) through the Laken Riley Act," ECF No. 9, at 20, but this Court already noted that their reading "would cause the Laken Riley Act, a recent amendment to Section 1226(c), to be superfluous." *Beltran,*1:25-cv-00258, at 13. Respondents essentially concede as much, noting how "the Laken Riley Act's application to aliens who are inadmissible under §1182(a)(6)(A)—for being 'present . . . without being admitted or parole'—overlaps with Section 1225(b)(2)(A)." ECF No. 9, at 20.

Finally, Respondents argue that the Laken Riley Act still does independent work because "Section 1226(c) prohibits [the] parole" of certain undocumented noncitizens implicated in select crimes "and authorizes their release only if 'necessary to provide protection to' a witness or similar person 'and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of

4

other persons or of property and is likely to appear for any scheduled proceeding.'" ECR No. 9, at 22. This misconstrues the government's parole authority because 8 U.S.C. § 1182(d)(5) is clear, that there are just two exceptions to parole authority: refugees under 8 U.S.C. § 1182(d)(5)(B) and crewmen under 8 U.S.C. § 1184(f). "[W]hen Congress includes one possibility in a statute, it excludes another by implication." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 392 (2013). There are exceptions to parole authority, but 8 U.S.C. § 1226(c) does not address them.

Furthermore, "release" is not the same as "parole." "Release" is governed under 8 U.S.C. § 1226(a), while "parole" is government under 8 U.S.C. § 1182(d)(5). The Board of Immigration Appeals expressly held that "release from custody on conditional parole under section 236(a)(2)(B) is a distinct and different procedure from parole under section 212(d)(5)(A)." *Matter of Castillo-Padilla*, 25 I. & N. Dec. 257, 262 (BIA 2010) (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116-20 (9th Cir. 2007)). Laken Riley's limitation on release says nothing about parole authority.

Given the Court's well-reasoned decision in *Beltran,* 1:25-cv-00258, nothing in this record justifies a departure from that holding and Petitioner requests a similar order be entered here.

Respectfully submitted,

/s/ Cameron Giebink                                                    December 16, 2025
Cameron Giebink                                                       **Date**
MN Attorney Lic. No. 0402670
Wilson Law Group
3019 Minnehaha Avenue
Minneapolis, MN 55406
(612) 436-7100 / cgiebink@wilsonlg.com

Attorney for Petitioner